**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BUREAU OF CONSUMER FINANCIAL PROTECTION and the COMMONWEALTH OF MASSACHUSETTS *ex rel.* Maura Healey, Attorney General,

Plaintiffs,

v.

COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR and NIKITAS TSOUKALES a/k/a NIKITAS TSOUKALIS

Defendants.

No. 20-cv-10991

Judge Rya W. Zobel

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants Commonwealth Equity Group, LLC d/b/a Key Credit Repair and Nikitas Tsoukalis (together, "Key Credit") respectfully move to dismiss the amended complaint of the Bureau of Consumer Financial Protection ("CFPB") and the Commonwealth of Massachusetts (together, "Plaintiffs"). In support of its motion, Key Credit submits its accompanying Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint ("Memorandum") and further states as follows:

1. Plaintiffs have brought this nine-count amended complaint ("Complaint") against Key Credit, a credit repair services provider, for purported violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, *et seq*. (promulgated pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), 15 U.S.C. §§ 6101-6108) (Counts I-II); the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536 (Counts III-IV); the Massachusetts Consumer Protection Law ("MA-UDAP"), M.G.L. c. 93A, § 2 (Counts V, VIII-

IX); and the Massachusetts Credit Services Organization Law (“MA-CSO”), M.G.L. c. 93, §§ 68A-E (Counts VI-VII).

2. As set forth more fully in Key Credit’s Memorandum, all nine counts should be dismissed with prejudice for multiple independent reasons. *First*, Plaintiffs’ claims under the TSR (Counts I and II and, by implication, Counts III and V) fail because: (1) the Credit Repair Organizations Act, 15 US.C. § 1679, *et seq*., controls the conduct alleged in the Complaint, not the TSR; (2) the TSR is unconstitutionally vague under both the Due Process Clause and the First Amendment; (3) the TSR places unconstitutional content-based constraints on speech in violation of the First Amendment; (4) the TSR violates the Equal Protection Clause; (5) the TSR constitutes an unlawful agency action in excess of the Federal Trade Commission’s (“FTC”) statutory authority to promulgate rules under the TCFAPA; and (6) Plaintiffs fail to allege that Key Credit is a “telemarketer” or a “seller” under the TSR.

3. *Second*, Plaintiffs’ “deceptive practice” claim under the TSR fails for the additional independent reason that Plaintiffs fail to allege that Key Credit engaged in any deceptive conduct. Plaintiffs’ failure to allege any deceptive conduct is also fatal to Counts IV, VII and IX.

4. *Third*, Plaintiffs’ claims under the MA-CSO (Counts VI and VIII) fail because Plaintiffs do not and cannot allege that Key Credit charged any fee prior to full performance of services that Key Credit agreed to perform, and because Plaintiffs’ allegations concerning purported disclosure violations are controverted by the plain language of Key Credit’s services contract.

5. *Finally*, under the Supreme Court’s recent decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183, 2207 (2020), the CFPB’s prosecution of this action is constitutionally defective, and the CFPB therefore should be dismissed from the litigation.

6. For all of these reasons and those set forth in Key Credit's Memorandum, Plaintiffs' Complaint should be dismissed with prejudice in its entirety.

WHEREFORE, for all of the foregoing reasons and those set forth in Key Credit's Memorandum, Key Credit respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated: September 30, 2020

Respectfully submitted,

**COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR and NIKITAS TSOUKALIS**

By: /s/ Timothy A. Hudson
One of Their Attorneys

By: /s/ David B. Mack
One of Their Attorneys

Timothy A. Hudson, *pro hac vice*
Jordan E. Wilkow, *pro hac vice*
Amie M. Bauer, *pro hac vice*
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jwilkow@tdrlawfirm.com
abauer@tdrlawfirm.com

-and-

David B. Mack
O'Connor, Carnathan and Mack LLC
One Van de Graaff Dr., Suite 104
Burlington, MA 01803
Tel: (781) 359-9005
dmack@ocmlaw.net

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that today, September 30, 2020, I caused the foregoing **MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** to be electronically filed using this Court's ECF system, serving all attorneys of record by operation of the Court's electronic filing system.

/s/ Timothy A. Hudson

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I, Timothy Hudson, hereby certify that counsel conferred and attempted in good faith to resolve or narrow the issues raised herein but were unable to reach an agreement.

/s/ Timothy A. Hudson