UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-10991

CONSUMER FINANCIAL PROTECTION BUREAU and
COMMONWEALTH OF MASSACHUSETTS, Plaintiffs

v.

COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR and
NIKITAS TSOUKALES, Defendants

ORDER

June 1, 2022

ZOBEL, S.D.J.

Defendants Key Credit Repair ("Key Credit") and Nikitas Tsoukales, Key Credit's president, offer credit repair services. The Consumer Financial Protection Bureau ("CFPB") and the Commonwealth of Massachusetts ("Plaintiffs") allege that Defendants made false representations about customers' ability to improve their credit rating and requested payment in advance of full performance, in violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 *et seq.*, the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536, and state law. Defendants have asserted 15 affirmative defenses[1] and a reservation of rights. Docket # 60. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs move to strike seven of these affirmative defenses and the reservation of rights. Docket # 61.

---

[1] Defendants withdrew the first and seventh defenses. Docket # 60.

By its ruling on Defendants' motion to dismiss, the court has already rejected Defendants' second, eighth, ninth, and twelfth defenses. See Docket # 47. Thus, the motion to strike them is allowed. Asphaltos Trade, S.A. v. Bituven P.R., LLC, Civil No. 18-1876 (BJM), 2021 WL 965645, at *5 (D.P.R. Mar. 15, 2021) (striking affirmative defenses that "simply reproduce [Defendant's] prior motion to dismiss . . . which th[e] court has already denied").

The fifth and sixth defenses, including for laches and unclean hands, are equitable defenses and thus not available against the government when it is enforcing a congressional mandate in the public interest, which is precisely the case here. See United States. v. Kennebec Scrap Iron, Inc., No. 1:16-cv-191-GZS, 2016 WL 6651302, at *4 (D. Maine 2016); SEC v. Gulf & Western Indus., Inc., 502 F. Supp. 343, 348 (D.D.C. 1980). The motion to strike them is allowed.

Finally, Defendants assert a reservation of rights both as their tenth defense and as a separate, general provision. Neither complies with Federal Rule of Civil Procedure 8(c) and the motion to strike is allowed as to both. Asphaltos Trade, 2021 WL 965645, at *4–5; United States v. Conagra Grocery Prods., LLC, No. 2:11–cv–455–NT, 2012 WL 3137436, at *4–5 (D. Maine 2012). This ruling is without prejudice to Defendants to assert additional, proper defenses pursuant to Federal Rule of Civil Procedure 15.

    June 1, 2022  
       DATE

/s/ Rya W. Zobel  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE