IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION and the COMMONWEALTH OF MASSACHUSETTS *ex rel.* Maura Healey, Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR and NIKITAS TSOUKALES a/k/a NIKITAS TSOUKALIS<br><br>Defendants. | No. 20-cv-10991<br><br>Judge Rya W. Zobel |

## DEFENDANTS' MOTION TO STAY

Defendants Commonwealth Equity Group, LLC d/b/a Key Credit Repair and Nikitas Tsoukalis (together, "Key Credit") respectfully move to stay these proceedings pending resolution of plaintiff Bureau of Consumer Financial Protection's (the "Bureau") recently filed petition for a writ of certiorari to the United States Supreme Court to review the Fifth Circuit's recent decision in *Community Financial Services Association of America, Limited v. CFPB*. In support of this motion, Key Credit states as follows:

## INTRODUCTION

1. In bringing Counts I-IV of the Amended Complaint, the Bureau has employed, and is continuing to employ, unappropriated and unconstitutional funding sourced from the Federal Reserve. Absent this unconstitutional funding, the Bureau lacks the means to bring this action, and the Bureau's use of unappropriated funds in prosecuting the Amended Complaint has thus harmed Key Credit. Under the Fifth Circuit's recent decision in *Community Financial Services*

*Association of America, Limited v. CFPB*, 51 F.4th 616, 635 (5th Cir. 2022) ("*CFSA*"), Counts I-IV are an invalid exercise of the Bureau's authority.

2. On November 14, 2022, the Solicitor General of the United States, on behalf of the Bureau and its Director, filed with the Supreme Court a petition for a writ of certiorari to review the Fifth Circuit's decision in *CFSA*. Notably, the Bureau's Petition seeks an expedited ruling from the Supreme Court.

3. Because *CFSA* is dispositive of Counts I-V of the Amended Complaint, as well as the principal legal and factual disputes at issue in this litigation, a stay pending the Supreme Court's review of *CFSA* is appropriate to avoid inconsistent outcomes and unnecessary motions and appeals, and would serve the interests of judicial economy and conserve party resources. For these reasons and those set forth more fully below, Key Credit respectfully requests that the Court stay these proceedings pending the Supreme Court's review of *CFSA*.

**ARGUMENT**

**I.    Legal Standard.**

4. This Court has discretionary power to stay proceedings. *See Bank of America, N.A. v. WRT Realty, L.P.*, 769 F. Supp. 3d 36, 39 (D. Mass. 2011). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition and causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Blue Cross & Blue Shield of Massachusetts, Inc. v. Regeneron Pharms., Inc.*, No. CV 21-12094-FDS, ---F. Supp. 3d ---, 2022 WL 4486067, at *4 (D. Mass. Sept. 27, 2022) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "Deciding whether to stay proceedings involves balancing the interests of the parties and the Court," and "[a] stay is appropriate where it is likely to conserve judicial and party time, resources, and energy." *Bank of America*, 769 F. Supp. at 39-40 (internal citations omitted).

## II.  A Stay Is Appropriate Here.

5. There is no serious dispute that a stay would promote the efficient resolution of this case. On October 19, 2022, the Fifth Circuit Court of Appeals determined that the Bureau's funding structure is unconstitutional because it impermissibly places the Bureau outside of the congressional appropriations process. *CFSA*, 51 F.4th at 635-42. The Court also held that exercises of the Bureau's authority – in *CFSA*, its rulemaking authority – should be vacated to the extent the exercise of authority employs the Bureau's unconstitutional funding and inflicts harm on the other party. *Id*. at 643.

6. Here, it is uncontested and beyond dispute that the funding employed by the Bureau to "enforce the federal consumer financial laws" and exercise its "independent litigating authority," (*see* Amended Compl. at ¶ 4; *see also* 12 U.S.C. §§ 5563, 5564(a)-(b)), was obtained through the funding mechanism that *CFSA* found to be unconstitutional. *See* 12 U.S.C. § 5497(a); *CFSA*, 51 F. 4th at 638-42; *see also Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2193-94 (2020).

7. Because the funding employed by the Bureau to bring this action was wholly drawn – and continues to be wholly drawn – "through the Act's unconstitutional funding scheme, there is a linear nexus between the infirm provision (the Bureau's funding mechanism)" and the prosecution of Counts I-IV of the Amended Complaint. *See CFSA*, 51 F. 4th at 643. Indeed, without its "unconstitutional funding," the Bureau lacks any other means to prosecute this case. *See id*. Key Credit was "thus harmed by the Bureau's improper use of unappropriated funds to [bring this action]," and it is entitled to judgment dismissing Counts I-IV as a "product of the Bureau's unconstitutional funding scheme."[1]  *See id*.

---

[1] To that end, were the Court to determine not to stay this action, Key Credit will move for judgment on the pleadings on these grounds.

3

8. While the First Circuit has not had occasion to pass over the legal issues that animate *CFSA*, even if the First Circuit were to disagree with its reasoning, the final word on the vitality of *CFSA*'s holding will come from the Supreme Court. Indeed, on November 14, 2022, the Solicitor General of the United States, on behalf of the Bureau and its Director, filed with the Supreme Court a petition for a writ of certiorari to review the Fifth Circuit's decision in *CFSA* on an expedited basis.

9. A stay pending the Supreme Court's review of *CFSA* would therefore avoid inconsistent outcomes and otherwise unnecessary motions and appeals. *See Bennett v. Fidelity Management & Research Co.*, No. 04-11651-MLW, 2009 WL 10728769, at *1 (D. Mass. Aug. 11, 2009) (granting motion to stay and finding that "[w]aiting for an authoritative decision [from the Supreme Court] will promote a proper decision and will prevent the possibility of expensive re-litigation of issues"). In the absence of a stay, by contrast, the parties will be required to continue to incur substantial costs and expend substantial time litigating this action, notwithstanding that the Amended Complaint may soon be conclusively determined to be an invalid exercise of the Bureau's authority. The duration of the stay would be relatively brief – indeed, the Solicitor General and the Bureau have requested that the Court hear and decide the appeal this Term on an expedited basis – and in return, it would prevent the wasteful expenditure of the parties' (and the Court's) resources.

10. In the interests of judicial economy and conserving party and judicial resources, Key Credit respectfully requests that the Court stay all proceedings in this matter pending the Supreme Court's review of *CFSA*.

WHEREFORE, for all of the foregoing reasons, Key Credit respectfully requests that the Court stay all proceedings in this matter pending the Supreme Court's review of the Fifth Circuit's decision in *CFSA*.

Dated: November 22, 2022

Respectfully submitted,

COMMONWEALTH EQUITY GROUP, LLC (d/b/a KEY CREDIT REPAIR) and NIKITAS TSOUKALIS,

By their attorneys,

　　/s/ David B. Mack　　　　　　　　
David B. Mack (BBO # 631108)
dmack@ocmlaw.net
Stephanie R. Parker (BBO # 687610)
sparker@ocmlaw.net
O'Connor, Carnathan & Mack, LLC
67 South Bedford Street, Suite 400W
Burlington, MA 01803
Tel:  781-359-9000

Timothy A. Hudson, pro hac vice
thudson@tdrlawfirm.com
Jordan E. Wilkow, pro hac vice
jwilkow@tdrlawfirm.com
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL  60604
Tel: (312) 762-9450

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I, David B. Mack, hereby certify that counsel conferred and attempted in good faith to resolve or narrow the issues raised herein but were unable to reach an agreement.

　　/s/ David B. Mack　　　　　　　
　　David B. Mack

**CERTIFICATE OF SERVICE**

       I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2022.

                                                                      /s/ David B. Mack_____
                                                                        David B. Mack