IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION and the COMMONWEALTH OF MASSACHUSETTS *ex rel.* Maura Healey, Attorney General,<br><br>         Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH EQUITY GROUP, LLC d/b/a KEY CREDIT REPAIR and NIKITAS TSOUKALES a/k/a NIKITAS TSOUKALIS<br><br>         Defendants. | No. 20-cv-10991<br><br>Judge Rya W. Zobel<br><br>**REQUEST FOR ORAL ARGUMENT** |

## DEFENDANTS' MOTION TO STAY PENDING U.S. SUPREME COURT DECISION IN *CFPB V. COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD.*

Defendants Commonwealth Equity Group, LLC d/b/a Key Credit Repair and Nikitas Tsoukalis (together, "Key Credit") respectfully request an order staying all further proceedings in this action until the U.S. Supreme Court issues its decision in *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd.*, No. 22-448.[1] In support of this Motion, Key Credit states as follows:

---

[1] Although the Court previously denied a Motion to Stay based on the Fifth Circuit's decision in *Community Financial Services* (Dkt. No. 93), the Court's December 2022 ruling occurred before the U.S. Supreme Court granted the Bureau's petition for writ of certiorari. Now, there is no question that the U.S. Supreme Court will issue a decision on *Community Financial Services* (potentially by the end of this year and certainly by June 2024) that could dramatically simplify the issues in this lawsuit.

1.      On September 16, 2020, Plaintiffs filed a nine-count amended complaint ("Complaint") against Key Credit, alleging violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, *et seq.* (promulgated pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), 15 U.S.C. §§ 6101-6108) (Counts I-II); the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536 (Counts III-IV); the Massachusetts Consumer Protection Law ("MA-UDAP"), M.G.L. c. 93A, § 2 (Counts V, VIII-IX); and the Massachusetts Credit Services Organization Law ("MA-CSO"), M.G.L. c. 93, §§ 68A-E (Counts VI-VII).

2.      Counts I-IV are expressly predicated on the plaintiff Bureau of Consumer Financial Protection's (the "Bureau") ability to prosecute actions under the TCFAPA and the CFPA, and Counts V and VII-IX are based on and derivative of the Bureau's claims.

3.      On September 30, 2020, Key Credit filed a Motion to Dismiss the Amended Complaint. (Dkt. Nos. 29 and 30.)

4.      On August 10, 2021, the Court denied Key Credit's Motion to Dismiss. (Dkt. No. 47.)

5.      The parties completed written and oral fact discovery. The parties are currently engaged in expert discovery and expert depositions have not yet been scheduled or conducted. No trial date has been set.

6.      On October 19, 2022, the U.S. Court of Appeals for the Fifth Circuit determined that the Bureau's funding structure is unconstitutional because it impermissibly places the Bureau outside of the congressional appropriations process. *Community Financial Services Association of America, Limited v. CFPB*, 51 F.4th 616, 635-42 (5th Cir. 2022). The Court also held that exercises of the Bureau's authority – in *Community Financial Services*, its rulemaking authority –

should be vacated to the extent the exercise of authority employs the Bureau's unconstitutional funding and inflicts harm on the other party. *Id*. at 643.

7. On November 14, 2022, the Bureau petitioned the U.S. Supreme Court to review the Fifth Circuit's decision in *Community Financial Services*. Pet., No. 22-448 (Nov. 14, 2022). The Bureau's petition asked the Supreme Court to review the Fifth Circuit's holding that the statute providing funding to the Bureau violates the Appropriations Clause. *See id*. at 1. The Bureau argued, among other things, that Supreme Court review is "warranted because of the immense legal and practical significance of the decision," which "threatens the validity of all past [Bureau] actions." *See id*. at 29; *see also* Pet. Reply Br. at 2, No. 22-448 (Feb. 1, 2023) ("The decision below frustrates the [Bureau]'s ongoing activities, [and] calls into question more than a decade's worth of its past actions . . . ."). Importantly, the Bureau admits that the decision "has already affected more than half of the Bureau's 22 active enforcement actions" and noted that "[f]ive have been stayed" and "[m]otions for relief based on the decision [] are pending in seven others." Pet. Reply Br. at 9-10.

8. On February 27, 2023, the U.S. Supreme Court granted the Bureau's petition for a writ of certiorari in *Community Financial Services*. The case is scheduled to be heard by the Supreme Court next term. A decision could be issued by the end of this year, and almost certainly no later than June 2024.

9. Here, the Bureau has employed, and is continuing to employ, unappropriated and unconstitutional funding sourced from the Federal Reserve in bringing and prosecuting Counts I-IV of the Amended Complaint. Absent this unconstitutional funding, the Bureau lacks the means to bring this action, and the Bureau's use of unappropriated funds in prosecuting the Amended Complaint has thus harmed Key Credit.

10. Because *Community Financial Services* is dispositive of (at least) Counts I-V of the Amended Complaint, as well as the principal legal and factual disputes at issue in this litigation, a stay pending the Supreme Court's decision in *Community Financial Services* is appropriate to avoid inconsistent outcomes and unnecessary motions and appeals, and would serve the interests of judicial economy and conserve party resources.

11. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Blue Cross & Blue Shield of Massachusetts, Inc. v. Regeneron Pharms., Inc.*, No. CV 21-12094-FDS, ---F. Supp. 3d ---, 2022 WL 4486067, at *4 (D. Mass. Sept. 27, 2022). Accordingly, this Court has broad discretionary power to stay proceedings. *See Bank of America, N.A. v. WRT Realty, L.P.*, 769 F. Supp. 3d 36, 39 (D. Mass. 2011). In determining whether to grant a stay, the court "balanc[es] the interests of the parties and the Court." *Bank of America*, 769 F. Supp. at 39-40 (internal citations omitted). "A stay is appropriate where it is likely to conserve judicial and party time, resources, and energy." *Id*.

12. A stay is warranted because the forthcoming Supreme Court decision likely will simplify the issues in this action. *Community Financial Services* involves a potentially dispositive question of law under the Appropriations Clause that would require dismissal of all of the Bureau's claims if the Supreme Court affirms the Fifth Circuit's decision. Not surprisingly, the Bureau admits in its petition that if the Supreme Court "were to hold that the entirety of Section 5497 is unconstitutional, . . . the [Bureau] would be obliged to halt further spending of funds transferred under Section 5497," including the prosecution of its claims against Key Credit in this lawsuit.

13. A stay is especially appropriate here because the Supreme Court's ultimate reasoning in *Community Financial Services* could have important implications for the prosecution of this lawsuit. As the Fifth Circuit held, Congress not only ceded direct control over the Bureau's budget by insulating it from the appropriations process, but also "ceded *indirect control* by providing that the [Bureau's] self-determined funding be drawn from a source that its itself outside the appropriations process," *i.e.*, the Federal Reserve. *Community Financial Services*, 51 F.4th at 638-39 (emphasis in original). This degree of double-insulation was especially troubling for the Fifth Circuit given the "capricious portfolio of authority" of the Bureau which, unlike the Federal Reserve and other self-funded agencies, "wields vast rulemaking, enforcement, and adjudicatory authority over a significant portion of the U.S. economy." *Id*. at 636, 640. Yet, unlike the Federal Reserve, the Bureau does not derive funding from assessments on the entities it regulates and, therefore, it is "triple insulated" as to Key Credit. Consequently, even if the Supreme Court finds that the Bureau permissibly draws on funding through bank assessments obtained by the Federal Reserve, the Bureau's funding structure would only be constitutional as to the financial institutions assessed by the Federal Reserve. Key Credit is not such an institution.

14. A stay is also warranted to avoid inconsistent outcomes and otherwise unnecessary motions and appeals. *See Bennett v. Fidelity Management & Research Co.*, No. 04-11651-MLW, 2009 WL 10728769, at *1 (D. Mass. Aug. 11, 2009) (granting motion to stay and finding that "[w]aiting for an authoritative decision [from the Supreme Court] will promote a proper decision and will prevent the possibility of expensive re-litigation of issues"). While the First Circuit has not had occasion to pass over the legal issues that animate *Community Financial Services*, even if the First Circuit were to disagree with its reasoning, the final word on the vitality of *Community*

*Financial Services*'s holding will come from the Supreme Court. And it will come either later this year or by June 2024.

15. Further, a stay is warranted to obviate the need for the parties to incur additional substantial expert-related discovery and summary judgment briefing while the Supreme Court considers the potentially dispositive constitutional questions. In the absence of a stay, by contrast, the parties will be required to continue to incur substantial costs and expend substantial time litigating this action, notwithstanding that the Amended Complaint may soon be conclusively determined to be an invalid exercise of the Bureau's authority. No additional discovery, motion practice or trial would be required to resolve the Bureau's claims in this action if the Supreme Court affirms the Fifth Circuit's decision. It makes little sense for the parties or this Court to devote time and resources to conducting expert discovery, drafting and responding to motions for summary judgment, preparing motions in limine and conducting a trial when such efforts could soon be rendered moot.

16. Unlike the Plaintiffs, Key Credit is a small family-run business on which the financial and other burdens of litigation are especially acute.

17. Finally, similar stays have been granted in at least five other actions brought by the Bureau, three of which the Bureau did not even oppose. *See* Pet. Reply Br. at 10, n.4 (citing cases).

18. In the interests of judicial economy and conserving party and judicial resources, Key Credit respectfully requests that the Court stay all proceedings in this matter pending the Supreme Court's decision in *Community Financial Services*.

WHEREFORE, for all of the foregoing reasons, Key Credit respectfully requests that the Court stay all proceedings in this matter pending the Supreme Court's decision in *Community Financial Services*.

                                            Respectfully submitted,

                                            COMMONWEALTH EQUITY GROUP, LLC
                                            (d/b/a KEY CREDIT REPAIR) and NIKITAS
                                            TSOUKALIS,

                                            By their attorneys,

                                            ___/s/ David B. Mack_____
                                            David B. Mack (BBO # 631108)
                                            dmack@ocmlaw.net
                                            Stephanie R. Parker (BBO # 687610)
                                            sparker@ocmlaw.net
                                            O'Connor, Carnathan & Mack, LLC
                                            67 South Bedford Street, Suite 400W
                                            Burlington, MA 01803
                                            Tel:  781-359-9000

                                            Timothy A. Hudson, pro hac vice
                                            thudson@tdrlawfirm.com
                                            Jordan E. Wilkow, pro hac vice
                                            jwilkow@tdrlawfirm.com
                                            TABET DIVITO & ROTHSTEIN LLC
                                            209 S. LaSalle St., 7th Floor
                                            Chicago, IL  60604
                                            Tel: (312) 762-9450
                                            Fax: (312) 762-9451

Dated:  March 22, 2023

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I, David B. Mack, hereby certify that counsel conferred and attempted in good faith to resolve or narrow the issues raised herein but were unable to reach an agreement.

    /s/ David B. Mack
David B. Mack

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 22, 2023.

    /s/ David B. Mack
David B. Mack